Case 2:23-cv-00017   Document 29   Filed on 06/30/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEROME JORDAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00017 |
| | § | |
| BROWN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff, Jerome Jordan, a Texas inmate confined at the James V. Allred Unit in Iowa Park, Texas, has filed this *pro se* civil rights complaint. Plaintiff filed this case on January 12, 2023 and submitted a motion/application to proceed *in forma pauperis* with his filing. (D.E. 2). In a Notice of Deficient Pleading issued on January 12, 2023, Plaintiff was notified that he must do one of the following within twenty days: (1) pay the $402.00 filing fee for civil rights cases; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (D.E. 5). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. (D.E. 4).

On February 7, 2023, Plaintiff did comply with the Notice of Deficient Pleading and submitted his prisoner trust account statement (D.E. 13). The account statement showed that Plaintiff had a current balance of $2,026.54. *Id*. On February 7, 2023, the undersigned

ordered Plaintiff to pay the $402.00 filing fee within twenty days of the Order. (D.E. 14). Thereafter, Plaintiff submitted a second motion/application to proceed *in forma pauperis*. (D.E. 15). On March 7, 2023, the undersigned ordered Plaintiff to show cause within twenty days why his civil rights action should not be dismissed for want of prosecution. (D.E. 17). On March 20, 2023, the Court received a letter from Plaintiff wherein Plaintiff stated that his filing fee had been paid and attached what appeared to be a receipt for the withdrawal of the $402.00 filing fee from Plaintiff's prisoner trust account. (D.E. 18).

On April 27, 2023, the Court held a status conference regarding the payment of the filing fee because no filing fee has been received by the Clerk's Office. Chrystal Wagner, the law librarian responsible for prisoner trust account withdrawals appeared at the status conference. Ms. Wagner explained to Plaintiff that he had not complied with the procedures of TDCJ to properly make a withdrawal from his prisoner trust account. She explained to him how to properly request and make a withdrawal from his account. Plaintiff stated that he understood. At the hearing, Plaintiff also notified the Court that he no longer resided at the Memorial Unit and had been transferred to the James V. Allred Unit. On the same day, the undersigned issued an Order (D.E. 20) extending Plaintiff's deadline to pay the filing fee to May 29, 2023. The Court also admonished Plaintiff that it is his responsibility to keep the Court informed regarding his mailing address. *Id*.

On May 30, 2023, Plaintiff submitted a third motion/application to proceed *in forma pauperis* along with an updated prisoner trust account statement. (D.E.s 26 & 27). The statement showed that Plaintiff has a current balance in his trust account of $1,196.84.

On June 2, 2023, the undersigned ordered Plaintiff to show cause within twenty days why his civil rights action should not be dismissed for want of prosecution. (D.E. 28). The undersigned instructed Plaintiff that he could successfully show cause by paying the filing fee. *Id.* Plaintiff was warned that his failure to comply with the June 2, 2023 Show Cause Order would result in a recommendation to the District Court that this action be dismissed. *Id.*

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). To date, Plaintiff has not responded to the June 2, 2023 Show Cause Order. Plaintiff has repeatedly failed to follow court orders and submit the filing fee. Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on June 30, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).